IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARITY D. CALLOWAY,  :
    Plaintiff,  :
      :
v.  :  CIVIL ACTION NO. 26-CV-3293
      :
UNITED STATES OF AMERICA,  :
    Defendant.  :

## MEMORANDUM

COSTELLO, J.                                                              JUNE 12, 2026

Plaintiff Charity D. Calloway, a self-represented litigant, brings this civil action against the United States of America based on allegations of cyberstalking by the United States and its military branches. Calloway also filed a Motion for Leave to Proceed *In Forma Pauperis*, (ECF No. 7), and a "Motion Affidavit of Prejudice" which seeks recusal of the undersigned, (*see* ECF No. 4). For the following reasons, the Court will grant Calloway leave to proceed *in forma pauperis*, dismiss her Amended Complaint,[1] and deny the recusal motion.

---

[1] Calloway commenced this matter by filing a "Cease and Desist" letter on May 13, 2026, (*see* ECF No. 1), using the court's Electronic Document Submission ("EDS") system, which is a service that may be used by self-represented litigants without CM/ECF privileges for filing a new civil case or for filing documents in existing cases. Calloway indicated on the EDS submission form that she was filing a new case. (*See* ECF No. 1-1 at 1.) Consistent with its obligations under Federal Rule of Civil Procedure 5, the Clerk of Court docketed the May 13 letter as a Complaint in a new matter and assigned it to the undersigned. On May 18, 2026, Calloway filed the recusal motion, (ECF No. 4), and a document titled "Civil Complaint," which was entered on the docket at ECF No. 5. The pleading docketed at ECF No. 5 ("Amended Complaint") became the operative pleading in this case. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading." (citations omitted)). Because she failed to pay the appropriate fees to commence this case, or to file an application to proceed *in forma pauperis*, Calloway was ordered to do so. (ECF No. 6.) Calloway then filed a Motion for Leave to Proceed *In Forma Pauperis* on May 23, 2026. (ECF No. 7.)

## I.    FACTUAL ALLEGATIONS

The gist of Calloway's Amended Complaint is that the United States and its military branches have engaged in cyberstalking and other harassing conduct, which she contends intruded on her employment at The Hospital of the University of Pennsylvania. (*See* Am. Compl. at 1-2.) Calloway also claims that the United States colluded "with military-associated persons Malik, Ahmad and Khalil Jones and Jayel Lewis in 2019," and since that time, her "life was dramatically altered overnight by a series of internet account hacks and lockouts, repeated identity theft schemes," and other offenses. (*Id.* at 2.) She asserts that the events caused her damage including emotional distress. (*Id.*) Calloway seeks "an immediate cease to all . . . intrusions, unwarranted, covert, and illegal activities in [her] life by the United States government and Military branches with full recovery of damages." (*Id.*)

## II.    STANDARD OF REVIEW

The Court grants Calloway leave to proceed *in forma pauperis* because it appears she is unable to pay the fees to commence this civil action. Accordingly, the Amended Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss it if, among other things, it is frivolous. Under § 1915(e)(2)(B)(i), a complaint is subject to dismissal as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). As Calloway is proceeding *pro se*, the Court construes the allegations in the Amended Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

Calloway's allegations that the United States and its military have cyberstalked her causing intrusions on her workplace at The Hospital of the University of Pennsylvania "rise to the level of the irrational or the wholly incredible[,]" *Denton*, 504 U.S. at 32, and are appropriately dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because they lack a basis in fact.  Federal courts routinely dismiss complaints asserting broad-based conspiracies of surveillance, tracking and the like, as factually frivolous under § 1915 where the allegations are fanciful, fantastical, delusional, irrational or wholly incredible.  *See, e.g.*, *Mina v. Chester County*, 679 F. App'x 192, 195 (3d Cir. 2017) (*per curiam*) (agreeing with district court's frivolity determination "[g]iven [plaintiff's] efforts to connect his allegations about actions and events over approximately 20 years into a vast conspiracy against him, as well as the outlandish nature of some of his claims (such as the planting of devices on his body and the defendants' revenge for his refusal to participate in the cover-up of the circumstances surrounding the death of an FBI agent's wife)"); *Lewis v. City of Phila. Police*, No. 23-0080, 2023 WL 376009, at *2 (E.D. Pa. Jan. 23, 2023) (dismissing as frivolous under § 1915(e)(2)(B)(i) plaintiff's allegations of "a decades-long conspiracy spanning three states involving hacking and taking over her electronic devices, embarrassing her, and rendering her homeless and jobless all with the purpose of retaliating against her for filing a lawsuit against her former employer"); *In re Sesay*, No. 22-0082, 2022 WL 1104062, at *10-11 (E.D. Pa. Apr. 12, 2022) (finding "allegations of a widespread scheme of surveillance, wiretapping, audio/video recording, harassment, discrimination, stalking, a political sex scandal and a leaked sex tape" were irrational and wholly incredible warranting dismissal as factually frivolous pursuant to § 1915(e)(2)(B)(i)); *Harley v. City of Phila. City Gov't*, No. 21-3680, 2021 WL 4844156, at *2 (E.D. Pa. Oct. 18, 2021)

(dismissing as frivolous claims based on "a conspiracy by Defendants to target her with wiring, voices, and electrical activity, and to murder her"); *Jorge v. Torres*, No. 18-14674, 2019 WL 2385942, at *3 (D.N.J. June 6, 2019) ("Plaintiff's factual allegations that the Police are monitoring his every move and that the Police do so by telephone recruitment 'of informants, spies, and willing constituates [sic]' is exactly the type of 'fantastic or delusional scenario[ ]' warranting dismissal under 28 U.S.C. § 1915(e)(2)(B)(i)." (alterations in original)). Given the frivolity of Calloway's underlying allegations, no leave to amend will be granted. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002) ("[D]ismissals of frivolous claims do not require leave to amend due to the long tradition of denying leave to amend . . . when amendment is inequitable or futile.").

As for Calloway's motion for recusal of the undersigned (ECF No. 4), the motion will be denied. "Whenever a judge's impartiality might reasonably be questioned in a judicial proceeding, 28 U.S.C. § 455(a) requires that the judge disqualify himself." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004) (quotation marks omitted). "Motions to recuse under 28 U.S.C. § 455(a) must rest on the kind of objective facts that a reasonable person would use to evaluate whether an appearance of impropriety had been created, not on 'possibilities' and unsubstantiated allegations." *United States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989). Further, recusal is not justified based upon a litigant's dissatisfaction with a Judge's rulings. *See Liteky v. United States*, 510 U.S. 540, 554 (1994).

Calloway moves for recusal based on this Court's dismissal of her prior civil action against Villanova University which was dismissed upon statutory screening. *See Calloway v.*

4

*Villanova University*, Civil Action No. 25-0400 (E.D. Pa.).[2]  (*See* ECF No. 4.)  She also baldly asserts that the undersigned is biased in matters involving Temple University Beasley School of Law and Villanova University Charles Widger School of Law and is exploiting personal matters between Calloway and alumni from those schools.  (*See id.* at 2.)  Because Calloway's motion does not set forth any legitimate basis for recusal, the undersigned will not recuse.  *See Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." (citations omitted)); *Grant v. Elias*, No. 22-3128, 2023 WL 6576269, at *2 (3d Cir. Oct. 10, 2023) (*per curiam*) (affirming denial of recusal motion that contained only conclusory assertions of bias); *Petrossian v. Cole*, 613 F. App'x 109, 111-12 (3d Cir. 2015) (*per curiam*) (concluding that unfounded allegations of bias based on "social status, position, and gender" do not support recusal).

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Calloway's claims as factually frivolous and will deny the recusal motion.  An appropriate Order dismissing this case follows, which shall be entered separately.  *See* Fed. R. Civ. P. 58(a).

BY THE COURT:

**MARY KAY COSTELLO, J.**

---

[2] In the recusal motion, Calloway lists Civil Action No. 24-6230 as her prior case against Villanova University.  (*See* ECF No. 4 at 1.)  This is incorrect.  Calloway has brought several cases in this court.  Civil Action No. 24-6230 is an employment discrimination case that Calloway brought against a different former employer and for which the parties entered into a settlement agreement.  *See Calloway v. Landmark Americana*, Civ. A. No. 24-6230 (E.D. Pa.).  The correct docket number for Calloway's case against Villanova University is Civ. A. No. 25-0400.